UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESIREE STEPHENSON,

        Plaintiff(s),

        v.

NEUTROGENA CORPORATION

        Defendant(s).

        /

No. C 12-0426 PJH

**ORDER RE MOTION TO DISMISS**

        Defendant Neutrogena Corporation's motion to dismiss came on for hearing before this court on July 25, 2012. Plaintiff Desiree Stephenson ("plaintiff") appeared through her counsel, Mark Todzo. Defendant Neutrogena Corporation ("defendant") appeared through its counsel, Matt Powers. Having read the papers filed in conjunction with the motion and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part defendant's motion to dismiss as follows.

        Defendant first moves to dismiss (or alternatively to strike), for lack of standing, all of plaintiffs claims to the extent that they relate to products that were not actually purchased by plaintiff. Specifically, defendant points out that plaintiff alleges causes of action related to six of the Neutrogena Naturals products, even though plaintiff claims to have purchased only one product, the purifying facial cleanser. Both parties cite a number of cases in support of their position. See, e.g., Larsen v. Trader Joe's Co., No. 3:11-cv-5188, Dkt. 41 (N.D. Cal. June 14, 2012) (dismissing claims related to products not purchased by plaintiff); Mlejnecky v. Olympus Imaging America Inc., 2011 WL 1497096 (E.D. Cal. Apr. 19, 2011) (same); Carrea v. Dreyer's Grand Ice Cream, Inc., 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) (same); but cf. Astiana v. Dreyer's Grand Ice Cream, Inc., 2012 WL 2990766 (N.D. Cal. July 20, 2012) (denying motion to dismiss as to products not purchased by plaintiff); Cardenas v. NBTY, Inc., 2012 WL 1593196 (E.D. Cal. May 4, 2012) (same). Ultimately,

the court finds that the Astiana/Cardenas cases are less persuasive here, because the products at issue in those cases were more similar than the Neutrogena Naturals products at issue here. In both Astiana and Cardenas, the purchased product(s) were similar enough to the unpurchased products such that an individualized factual inquiry was not needed for each product. The court does not find that to be the case here, and thus DISMISSES with prejudice plaintiff's claims to the extent that they relate to products that were not actually purchased by plaintiff.

Defendant also moves to dismiss under Rule 9(b), arguing that some of plaintiff's state law claims are based in fraud, and thus must be pled with particularity. As to any claims that relate to products not purchased by plaintiff, those claims have been dismissed, thus mooting defendant's motion. As to plaintiff's claims related to the purifying facial cleanser, the court finds that plaintiff has properly set forth the "who, what, where, when, and how" of the alleged fraud, and thus DENIES defendant's motion to dismiss under Rule 9(b).

Finally, defendant moves to dismiss plaintiff's claims for injunctive relief, based on the argument that plaintiff has not demonstrated a risk of future injury. Preliminarily, the court notes that plaintiff has not asserted a "claim" for injunctive relief, but rather has included a "prayer" for injunctive relief. While defendant correctly notes that plaintiff has not alleged that she intends to purchase the purifying facial cleanser (or any other Neutrogena Naturals product) in the future, it is still possible that plaintiff would purchase those products if the alleged misrepresentations are corrected. Thus, the court STRIKES plaintiff's prayer for injunctive relief with leave to amend, so that plaintiff can add an allegation to that effect, and may then appropriately include the prayer for injunctive relief.

Defendant also requests that the court take judicial notice of the product labeling and/or packaging for the Neutrogena Naturals products at issue. As to the products that were not purchased, the court finds that they are no longer relevant to the case, and thus denies defendant's request. As to the purifying facial cleanser, the court grants defendant's request to take judicial notice of the product's label (attached as Exhibit A to defendant's request for judicial notice).

**IT IS SO ORDERED.**

Dated: July 27, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge