UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE STEPHENSON, MARNI HABER AND KARVA TAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEUTROGENA CORPORATION,<br><br>Defendant. | No. C 12-00426 PJH<br><br>CLASS ACTION<br><br>**[PROPOSED] FINAL SETTLEMENT ORDER AND JUDGMENT** |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement filed on December 20, 2012 ("Stipulation"), and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members who do not timely exclude themselves from the Class. The name of the excluded Class Member is attached hereto as Exhibit A.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Class:

> All individuals in the United States who purchased Neutrogena Naturals Purifying Facial Cleanser, Purifying Pore Scrub, Face and Body Bar, Fresh Cleansing + Makeup Remover, Multi-Vitamin Nourishing Moisturizer, or Multi-Vitamin Nourishing Night Cream from January 1, 2011 until April 22, 2013 (the date notice of this Settlement to the Class is first published). Specifically excluded from the Class are (a) Defendant, (b) the officers, directors, or employees of Defendant and their immediate family, (c) any entity in which Defendant has a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family; (b) all persons who have submitted a valid request for exclusion from the Class; and (d) those who purchased the Neutrogena Naturals products listed above for the purpose of resale.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5. For settlement purposes only, the Court finds:

   (a) Pursuant to Federal Rule of Civil Procedure 23(a), Desiree Stephenson, Marni Haber and Karva Tam are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Desiree Stephenson, Marni Haber and Karva Tam as class representatives;

   (b) The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the Second Amended Complaint filed

by Desiree Stephenson, Marni Haber and Karva Tam, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

(c) Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6. Persons or entities who filed timely exclusion requests are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Stipulation. The name of the person excluded from the Class because they filed a timely and valid request for exclusion is attached hereto as Exhibit A.

7. The Court directed that notice be given to Class members by publication and other means pursuant to the notice program proposed by the Parties in the Stipulation and approved by the Court. The Declaration of Jennifer M. Keough, attached as Exhibit 3 to the Declaration of Mark N. Todzo, attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8. The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced

mediator, Honorable Edward A. Panelli (retired). There have been no timely objections to the Settlement. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10. Upon the Effective Date, the named Plaintiffs and each Class Member other than the person listed on Exhibit B shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendant from any and all claims, demands, rights, causes of action, suits, petitions, complaints, damages of any kind, liabilities, debts, punitive or statutory damages, penalties, losses and issues of any kind or nature whatsoever, asserted or unasserted, known or unknown (including, but not limited to, any and all claims relating to or alleging deceptive or unfair business practices, false or misleading advertising, intentional or negligent misrepresentation, negligence, concealment, omission, unfair competition, promise without intent to perform, unsuitability, unjust enrichment, and any and all claims or causes of action arising under or based upon any statute, act, ordinance, or regulation governing or applying to business practices generally, including, but not limited to, any and all claims relating to or alleging violation of Cal. Bus. & Prof. Code § 17200 et seq.; Cal. Bus. & Prof. Code § 17500 et seq.; Cal. Civ. Code § 1750 et seq.; breach of express warranty under California Commercial Code § 2313, or any and all other federal, state, and /or local statutes analogous or similar to the California statutes cited herein), arising out of or related to the Action, that were asserted or reasonably could have been asserted in the Action by or on behalf of all Releasing Parties, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, against any Released Party (the "Released Claims"). The Released Claims include any and all such claims related to Neutrogena Naturals Purifying Facial Cleanser, Purifying Pore Scrub, Face and Body Bar, Fresh Cleansing + Makeup Remover, Multi-Vitamin Nourishing Moisturizer, or Multi-Vitamin Nourishing Night Cream (the "Challenged Products") manufactured prior to August 1, 2013, without regard to when such Challenged Products were, or are in the future, purchased by Class Members.

11. All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Stipulation.

12. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

13. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

14. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

15. The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

IT IS SO ORDERED.

DATED: August 22, 2013

THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

# Exhibit A

| MUST BE POSTMARKED BY AUGUST 26, 2013 | Naturals Claim Administrator<br>c/o GCG<br>P.O. Box 35031<br>Seattle, WA, 98124-3500<br>Toll-Free: 1 (855) 728-4604 | NGA <br>Control No: 0017425588<br>Claim No: NGA01003932 |
|---|---|---|

NGA0200017784



MS MARY ANN PUNG
35535 COUNTY ROAD 14
MELROSE, MN 56352 - 8507



**REQUIRED ADDRESS INFORMATION OR CORRECTIONS**
If the pre-printed address to the left is incorrect or out of date, OR if there is no pre-printed data to the left, **YOU MUST** provide your current name and address here:

Name:
Address:
City/State/Zip:

## CLAIM FORM

You can also submit online at www.facialcleansersettlement.com

This Claim Form is only for the purchase of **NEUTROGENA® Naturals Purifying Facial Cleanser, Purifying Pore Scrub, Face and Body Bar, Fresh Cleansing + Makeup Remover, Multi-Vitamin Nourishing Moisturizer, or Multi-Vitamin Nourishing Night Cream (the "Naturals Products")**. Use this Claim Form to claim refunds of a portion of the purchase price of one or more of the Naturals Products (up to a total of $10). If you purchased any other NEUTROGENA® product, or personal care products manufactured by another company, do not fill out this form. You may submit only one Claim Form, and two people cannot submit Claim Forms for the same purchases. **All Claim Forms must be postmarked, faxed, or submitted online by August 26, 2013**. If mailing or faxing, please return this form to:

Naturals Claim Administrator
c/o GCG
P.O. Box 35031
Seattle, WA 98124-3500
Fax: (206) 876-5201

**1. CLASS MEMBER INFORMATION**



Name:
Phone Number: ( ) -
E-mail address:

*I do not wish to participate in the settlement and I chose to exclude myself from the Class.*

1  *Mary Ann Pung*