UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESIREE STEPHENSON, et al.,

    Plaintiffs,

    v.

NEUTROGENA CORPORATION,

    Defendant.
_____/

No. C 12-0426 PJH

**ORDER GRANTING MOTION FOR AWARD OF FEES, EXPENSES AND INCENTIVE AWARDS**

Before the court is plaintiffs' motion for an award of attorneys' fees, reimbursement of costs and expenses, and incentive awards for named plaintiffs Desiree Stephenson, Marni Haber and Karva Tam. On August 21, 2013, the court held a hearing on the fee motion at which plaintiffs appeared through their counsel, Mark Todzo. Defendant Neutrogena Corporation appeared through its counsel, Matt Powers. Having read the papers filed in conjunction with the motion and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for award of fees, expenses and incentive awards, as set forth below.

    1.    The parties agree that the amount of a reasonable fee to be awarded must be determined by the court. As recognized by plaintiffs, the district court has the discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating the fee award in common fund cases. Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1006 (9th Cir. 2002). The Ninth Circuit has established twenty-five percent as the benchmark in percentage-of-the-fund cases, which can be adjusted upward or downward to account for any unusual circumstances presented by the particular case. Id.

Plaintiffs seek an award of attorneys' fees and costs under the percentage-of-the-fund method of calculation in the amount of $500,000, as permitted under the settlement agreement in which Neutrogena agreed to pay attorneys' fees and expenses awarded by the court in an amount not to exceed $500,000. Fee Mot. at 4 (doc. no. 52). Plaintiffs argue that the requested amount of $500,000 represents about 28% of the total funds made available in the settlement, that is, the $1,300,000 claim fund plus the $500,000 made available for fees and expenses awarded by the court. Id. At oral argument, plaintiffs argued that in a typical common fund class settlement, the fee award would be awarded as a percentage of the common fund, but that here, where the parties agreed that plaintiffs would seek a fee award separate from the $1.3 million claim fund, the amount available for a fee award should be added to the claim fund before applying the percentage of the fund method of calculation. Plaintiffs also contend that a fee award slightly in excess of the 25% benchmark is reasonable in this case.

The court is troubled by plaintiffs' counsel's approach to calculating their fees as a percentage of a total settlement amount that includes their proposed fee award, where that amount is yet to be determined. The settlement is not for $500,000, but for a reasonable fee, determined by the court, up to $500,000. As the court understands the agreement, it could determine a reasonable fee to fall within the range of $0 to $500,000. But rather than calculate the total settlement amount by adding the amount available to the class as the common fund plus the amount determined by the court to be a reasonable fee, plaintiffs' counsel requests the court to assume that the highest amount defendant is willing to pay is a reasonable fee, and then add that to the common fund amount. In other words, the court should accept $500,000 as the reasonable fee, add that amount to the common fund amount, and then make a fee award of $500,000. As a percentage of the fund award, this calculation is a pure fiction.

However, given that Neutrogena does not object to plaintiffs' contention that the amount of the $1.3 million claim fund alone is not a sufficient basis for calculating the fee

award as a percentage of the fund, given the agreement that defendant would pay an additional amount for fees, and given that even if the court were to deny a fee award entirely, such denial would not serve to enhance the amount available to the common fund, the court does approve an award representing 25% of the total recovery which the court calculates as $1,733,333.33.[1]  The benchmark fee award, calculated as 25% of the total recovery, or total settlement amount, thus equals $433,333.25.

As the court held at the hearing on the fee motion, plaintiffs have not demonstrated any special circumstances that warrant an upward departure from the 25% benchmark. See Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376-77 (9th Cir. 1993) ("The 25% contingent fee rewarded class counsel not only for the hours they had in the case to the date of the settlement, but for carrying the financial burden of the case, effectively prosecuting it and, by reason of their expert handling of the case, achieving a just settlement for the class.").  The parties in this case litigated only one motion to dismiss and conducted no discovery.  The injunctive relief obtained in this settlement, that is, changes in labeling and/or packaging of the products in dispute, is not extraordinary and does not warrant an upward departure from the benchmark.

2.  Plaintiffs also contend that the requested fee amount of $500,000 is reasonable under a lodestar cross-check, which they calculate as $501,579 in fees for 963.7 hours spent by the attorneys on this case, based on billing summaries submitted by plaintiffs' counsel.  This amount is not a reasonable lodestar calculation.  First, with respect to the hourly rate, the total fee request generates an average hourly rate of $520, which is well above a reasonable hourly rate for consumer rights practitioners, even for the Bay Area.  Plaintiffs were represented by two firms: Lexington Law Group (LLG) and Scott + Scott (SS). The summary of the fees incurred by plaintiffs' counsel shows that the rates charged by the attorneys ranged as follows:

---

[1] If $x$ represents the total settlement amount, namely, the $1,300,000 claim fund plus the fee award calculated as 25% of $x$, then $1,300,000 equals 75% of $x$.  The total settlement amount, $x$, is therefore $1,733,333.33.

3

    $600 to $710 per hour for 3 LLG partners (283.1 total hours)

    $400 to $525 per hour for 3 LLG associates (295.3 total hours)

    $220 per hour for a LLG paralegal (34.30 hours)

    $675 to $775 per hour for 5 SS partners or of counsel (121.7 total hours)

    $380 to $635 per hour for 5 SS associates (123.70 total hours)

    $150 to $320 per hour for 5 SS paralegal and law clerk (105.6 total hours)

Todzo Decl., Ex. 6; Scott Decl. ¶ 3. The hourly rates for many of these attorneys are excessive and would not be used for a lodestar calculation. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998) ("The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate.").

    For the limited purpose of calculating a lodestar cross-check against the fees calculated as a percentage of the fund, the court determines that a reasonable average hourly rate for these consumer attorneys is closer to $425 per hour. See 2010-2011 U.S. Consumer Law Attorney Fee Survey Report (available at http://www.lb7.uscourts.gov/documents/ILSD/11-53.pdf ). This survey report indicates that as of 2011, the median consumer attorney in California had 13 years of experience and billed at a median rate of $412 per hour, and an average rate of $406 per hour. Id. at 32. Here, where partners at each firm, who charged higher hourly rates than their associates, collectively billed about the same number of hours as the associates at each firm, a billing rate of $425 is a reasonable average hourly rate to account for differences in experience levels among the attorneys, for the purpose of calculating a lodestar cross-check to determine a reasonable fee award.

    Second, plaintiffs' attorneys have not shown that the number of hours they billed were reasonably spent on this case. Because plaintiffs did not seek a fee award based on a lodestar calculation, there are no detailed time records and no basis to determine whether any of this time was spent on duplicative or inefficient tasks. Furthermore, plaintiffs' counsel has not indicated that any time was deducted for such duplicative efforts. Given that plaintiffs were represented by sixteen lawyers at two different law firms, it is

4

highly likely the court would find that some of the 963.7 hours spent by these lawyers were not "reasonably" expended. Nevertheless, even if no time is deducted from the 963.7 hours to account for duplicative or inefficient tasks, at an average hourly rate of $425, the resulting lodestar would be $409,572.50.

Although the 25% benchmark fee amount exceeds the lodestar amount by $23,760.75 (or about 6% of the lodestar), the court is satisfied that the $433,333.25 fee amount calculated as a percentage of the total settlement fund is reasonable.

3.  Plaintiffs' counsel also incurred $18,083.25 in litigation expenses such as courier fees, filing and witness fees, mediation fees, online legal research, photocopies, travel, mail, and court fees. Todzo Decl., Ex. 6; Scott Decl. ¶ 4. There is no dispute or concern over whether these expenses were reasonably expended. The court therefore awards plaintiffs their actual expenses of litigation in the amount of $18,083.25.

4.  Plaintiffs also seek incentive awards to the class representatives in the amounts of $1,000 for plaintiff Stephenson, who brought the original complaint, and $500 to each of plaintiffs Haber and Tam, who became named plaintiffs in the second amended complaint, in accordance with the terms, conditions and obligations of the stipulation of settlement. The class representatives state that they provided their attorneys with information necessary to draft the complaints, monitored the litigation, reviewed the settlement terms, and agreed to the responsibilities of a named plaintiff and putative class representative. Todzo Decl., Exs. 7-9. Considering that the parties did not engage in discovery and settled the litigation on behalf of all class members at an early stage, these incentive awards are reasonable.

5.  For the reasons set forth above, plaintiffs' motion for an award of attorneys' fees is GRANTED in the amount of $433,333.25; plaintiffs' request for reimbursement of costs and expenses is GRANTED in the amount of $18,083.25; and plaintiffs' request for incentive awards is GRANTED in the amount of $1,000 for plaintiff Stephenson and $500

\\

to each of plaintiffs Haber and Tam, to be paid in accordance with the terms of the parties' stipulation of settlement.

**IT IS SO ORDERED.**

Dated: August 22, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge